759 P.2d 891

**In the MATTER OF Application For PERMIT NO. 47–7680 In the Name of Royal Crest, Inc., Collins Bros. Corp., Assignee.**

**COLLINS BROS. CORP., an Idaho corporation, Appellant-Respondent on appeal,**

**v.**

**A. Kenneth DUNN, Director, Idaho Department of Water Resources, Respondent-Appellant on appeal.**

**No. 16844.**

Supreme Court of Idaho.

July 21, 1988.

Jim Jones, Atty. Gen., Phillip J. Rassier (argued), Deputy Atty. Gen., Boise, for appellant-respondent on appeal.

Weaver & Melanson, Robert C. Weaver (argued), Buhl, for respondent-appellant on appeal.

BAKES, Justice.

The appellant, A. Kenneth Dunn, Director of the Idaho Department of Water Resources (the department), appeals a district court order regarding the department's granting of a water permit with nine conditions to the respondent, Collins Brothers Corp. The district court (acting as an appellate court) found that the department's action was defective on procedural due process grounds. Without remanding the case to the department for correction of the procedural errors, the district court affirmed the granting of the permit, but eliminated the conditions.

The record reflects that Collins Brothers is the successor to Royal Crest, Inc., which filed the original application with the department for a permit to appropriate water from a geothermal ground water source. Notice of the original application was published indicating that the water would be used for power purposes. No protests were received. Later the application was amended indicating that the water would be used to heat 110 homes. A new notice was published and this time protests were received from several parties.

The department scheduled a hearing and/or conference for the parties. Evidently, after the second notice was published and before the conference Collins Brothers announced its intention to additionally use the geothermal water for irrigation purposes. At the hearing the protesters alleged that pressure drops had occurred in their existing artesian wells since the completion of Collins Brothers' wells, and they feared that the artesian aquifer would be depleted if the water was used to heat 110 homes and to irrigate crops. At this point the parties agreed to allow the department to reach a decision based upon the conference *and upon the records of the department.*[1]

Subsequently, the department issued a *proposed* memorandum decision and order giving the parties fifteen days to respond thereto. The proposed decision listed thirteen items which were considered by the department in reaching the decision. These included a scientific report on the geothermal aquifer prepared by the United States Geological Survey, the logs of six wells which pump water from the aquifer and the water permits for use of the aquifer waters. All of these items *predated* the conference between the parties. The decision carried proposed findings of fact which concluded that the ground water

---

1. The handwritten stipulation of the parties is contained in the agency's record on appeal to the district court at page 39. It reads:

   "We the undersigned agree to allow the Department of Water Resources to reach a decision in the matter of protests against the above referred application based upon the conference held in Twin Falls March 31, 1982, and upon information in the record of the department."

   The stipulation or agreement is signed by six parties, including a representative for Collins Brothers.

rights of the protesters were in fact artesian and senior in priority. The department's proposed conclusions of law provided that (1) reduction in the artesian pressure was not considered an injury; (2) it was not, however, in the local public interest to deplete an artesian hot water aquifer for the purposes that could be served by using cold water; (3) Collins Brothers could use ground water to supplement water from the surface sources for irrigation; and (4) it is proper that the effect of the use of water for irrigation purposes on other rights be considered.

The department then approved the application subject to nine conditions. The conditions at issue are, in relevant part, that (1) a method for measuring the water be installed, (2) geothermal water could not be used for irrigation purposes "based on it not being in the public interest," (3) "the use of the water for irrigation under this permit is supplemental to all existing water rights with the same purpose and place of use as the other rights with the same purpose and place of use as the other rights must be developed and used to the fullest extent possible for irrigation before this permit is used for irrigation purposes," (4) the department retained jurisdiction to assure that the water was to be put to beneficial use, (5) the amount of water was not to exceed that necessary for domestic, commercial and geothermal heating of 99 homes.

The proposed decision and order gave notice to all who took part in the hearing that, pursuant to I.C. §§ 42–1701A and 67–5211, they had the opportunity to file exceptions to the proposed order and to present briefs and request a hearing and present oral arguments in response to the proposed order. After the fifteen-day period for response had passed, without any objections to the proposed order or any requests for a hearing having been received, the department issued an order which adopted its proposed decision as final.

Collins Brothers subsequently moved to modify the final decision in part, and the department denied it. The motion to modify was based on Collins Brothers' argument that it had already expended approximately $95,000 developing the irrigation system, and the department was aware of this expenditure. The department's denial was based on the need to protect the artesian hot water source and the availability of cold water to serve Collins Brothers' irrigation needs.

Collins Brothers appealed to the district court alleging that the conditions imposed on the permit (specifically the condition that the water not be used for irrigation) were (1) in violation of the applicant's constitutional rights, (2) in excess of the department's statutory authority, and (3) affected by error of law. Collins Brothers also moved for sanctions against the department and for dismissal on appeal, but these motions were denied by the district court.

The district court issued a memorandum decision and order which found that the Administrative Procedures Act (APA), I.C. §§ 67–5201 et seq., was applicable and that the review of an administrative decision is limited to a determination of (1) legal questions and (2) whether there was substantial competent evidence to support the department's decision. Based on its APA review the district court framed the issue as whether it was error for the department to base its findings and conclusions upon evidence outside the record. The district court then found that the department had based its decision on evidence outside the record and that the department's memorandum decision was internally inconsistent. The district court found that the department's actions constituted a procedural due process violation and struck all findings of fact and conclusions of law which were premised upon the evidence which it believed was outside the record. The district court summarized its disposition as follows:

"Given that the department considered material which was outside of the record in this matter, and that the substantial rights of the petitioner have been prejudiced, this court concludes that the final decision rendered by the department was made in excess of its statutory authority, made upon unlawful procedure, and constituted an unwarranted exercise of the department's discretion. I.C. § 67–5215(g)(2), (3) and (6).

"It is hereby ordered that the final decision of the Department of Water Resources be reversed, and that the petitioners be granted their permit without conditions thereon."

The district court's reversal of the department's order has raised two primary issues on appeal—one procedural and one substantive. First, we must determine whether the Department of Water Resources' procedural steps in the permit process were adequate to sufficiently protect Collins Brothers' constitutional due process rights, and second, whether the district court erred as a matter of law when it ordered the permit issued without the contested public interest conditions which prohibited Collins Brothers from appropriating geothermal ground water for irrigation purposes. Collins Brothers has additionally asked for attorney fees on appeal. Because we find that the district court erred in both its procedural and substantive analysis, we reverse and reinstate the decision and order of the department.

I

THE ALLEGED
PROCEDURAL ERRORS

The district court found a procedural due process violation based on its belief that the department considered matters outside the record, thus depriving Collins Brothers of notice and an opportunity to be heard. The record reflects, and the district court recognized, that the parties had agreed at the conference to allow the department to reach a decision based upon the matters submitted or agreed upon at the conference and upon the records of the department. The district court's findings identified three matters which, according to that court, arose after the conference and were therefore outside the record and unfairly considered by the department. These three items are (1) that the commission's conclusions and findings failed to identify relevant dates that were attributed to water licenses and permits; (2) that the department relied on a field examination which took place after the conference; and (3) that the department's finding of fact number 5, which dealt with the Banbury Hot Springs Ground Water Management Area, was clearly not part of the department's record and should not have been considered.

The district court correctly concluded that I.C. §§ 42–1701A[2] and 67–5210[3] were controlling with regard to the procedure and evidentiary rules governing the permit process. These statutes are designed to

---

[2]. I.C. § 42–1701A states in part that:

"(2) The director, in his discretion, may direct that a hearing be conducted by a hearing officer appointed by the director. In such event, the hearing officer shall have the duty to make a complete record of the evidence presented and duly received at the hearing and to prepare a proposal for decision in accordance with section 67–5211, Idaho Code, and rules of practice and procedure promulgated by the director.

"(3) Unless the right to a hearing before the director or the water resource board is otherwise provided by statute, any applicant for any permit, license, certificate, approval registration, or similar form of permission required by law to be issued by the director, who is aggrieved by a denial or conditional approval ordered by the director, and who has not previously been afforded an opportunity for a hearing on the matter shall be entitled to a hearing before the director to contest the denial or conditional approval upon filing with the director, within fifteen (15) days after receipt of the denial or conditional approval, a written petition stating the grounds for contesting the action by the

director and requesting a hearing. The hearing shall be held and conducted in accordance with the provisions of subsections (1) and (2) of this section. Judicial review of any final order of the director issued following the hearing may be had pursuant to subsection (4) of this section.

"(4) Any person who is aggrieved by a final decision or order of the director is entitled to judicial review. The judicial review shall be had in accordance with the provisions and standards set forth in sections 67–5215 and 67–5216, Idaho Code."

[3]. "67–5210. **Rules of evidence—Official notice.**—In contested cases:

"(1) irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in non-jury civil cases in the district courts of this state shall be followed. When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by prudent men in the conduct of their affairs. Agencies shall

ensure procedural due process protection to parties involved in administrative actions in Idaho.

Preliminarily we note that (1) Collins Brothers agreed to the procedural steps that allowed the department to reach a decision "based upon the conference and upon the record of the department," and that there was nothing within this stipulation preventing the department from considering relevant subsequent matters; and (2) the department provided (on two occasions) notice of the statutorily required procedural steps in the permit process. Nevertheless, at the oral argument, counsel for Collins Brothers argued that the department had denied Collins Brothers the opportunity to respond.

■ First, Collins Brothers' argument and the district court's decision do not consider the procedural steps set forth in I.C. § 42–1701A which were properly followed by the department throughout the permit process. The department's August 4, 1983, decision was only a "proposed decision," and allowed Collins Brothers fifteen days following receipt of the proposed order to make exceptions thereto and to request a hearing to point out any erroneous findings or procedures. *See* I.C. § 42–1701A(3). Collins Brothers was given clear notice of the hearing procedures that would be followed. Attached to the original notice of hearing and/or conference was a sheet entitled "conference and hearing information," which highlighted the procedural steps that would be taken in the hearing and/or conference. It notified the applicant that the hearing officer's decision would only be a proposed decision, and that the applicant would have fifteen days to

file exceptions thereto and request a hearing before the director before the decision on the application would be finally decided. The "conference and hearing information" sheet reads in part:

"If the hearing is conducted by a hearing officer appointed by the director, rather than the director himself, a proposed decision will be submitted to the parties and the parties may be afforded an opportunity to file exceptions to the proposed decision and present briefs and oral arguments to the director prior to the issuance of a final decision by the director. This procedure is required by IDAHO CODE Section 42–1701A."

Despite the clear and unambiguous notice provided both by the statute and by the notice of hearing, Collins Brothers failed to take exception to the proposed decision and order or request a hearing within the fifteen-day period. Fifteen days is more than sufficient time for a party to request "a hearing before the director to contest the ... conditional approval ..." which the hearing officer had issued.

While Collins Brothers did not take advantage of the statutory procedure to file exceptions and request a hearing on the proposed decision of the hearing officer, when the fifteen-day period expired and the proposed order became final Collins Brothers did file a motion to modify the department's order on much the same grounds as those raised before the district court. Even though the motion was not timely filed, the department nevertheless responded and addressed the substance of the grounds set out in the motion to modify, rather than merely dismissing it for failure

give effect to the rules of privilege recognized by law. Objections to evidentiary offers may be made and shall be noted in the record. Subject to these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form;

"(2) documentary evidence may be received in the form of copies of excerpts, if the original is not readily available. Upon request, parties shall be given an opportunity to compare the copy with the original;

"(3) a party may conduct cross-examinations required for a full and true disclosure of the facts;

"(4) notice may be taken of judicially cognizable facts. In addition, notice may be taken of generally recognized technical or scientific facts within the agency's specialized knowledge. Parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, of the material noticed, including any staff memoranda or data, and they shall be afforded an opportunity to contest the material so noticed. The agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence."

to comply with the procedural requirements. Therefore, there is no merit to Collins Brothers' claim that it was denied an opportunity to respond to those items which were purportedly outside the record before the department. Given the fact that Collins Brothers was provided with notice of its statutory opportunity to make exceptions and have a hearing before the proposed order became final, and given the fact that after the order did become final Collins Brothers was given a hearing on the merits pursuant to their motion to modify the order, we conclude that there was no lack of procedural due process in this case.

We now examine the district court's substantive holdings.

(1) The primary basis for the district court's decision reversing the director's order was that the department had considered evidence outside the record. This was based on the district court's statement that "items (8) through (13) which include a water license and various water permits carry no identifiable significant dates." However, contrary to the district court's assertion, the alleged missing dates in the department's proposed memorandum decision and order were listed on page 3 of the proposed memorandum decision and order in finding of fact number 1. Finding number 1 contains all the relevant dates the district court stated were missing. All essential dates were present and all were finalized prior to the conference. The district court erred in concluding that the dates of the water licenses and permits were not in the record.

■ (2) With regard to the field examination conducted by the department, the department is entitled by statute, see I.C. § 42–1805(3), to conduct field examinations on water permits; therefore, the fact that the department went out, after the conference, and examined the premises to be irri-

gated does not constitute legal error. The agreement that the director could decide the case based in part "upon the records of the department" contained no limitation on the director's statutory authority to examine the premises, nor was there any time limitation regarding when "the records of the department" would be considered. A view of the proposed project is essential to allow the department (in this case also the trier of fact) to evaluate the evidence. The Department of Water Resources is primarily an administrative agency and secondarily a quasi-judicial body. "The agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence." I.C. § 67–5210(4). The department did not err by conducting a post conference examination of the premises in this case.

■ (3) Finally, the fact that the proposed decision and order mentioned the post hearing creation of the Banbury Ground Water Unit did not taint the opinion. Creation of the Banbury Unit is a cognizable fact which the department was entitled to take notice of under I.C. § 67–5210(4).[4] The proposed decision and order provided Collins Brothers with notice that the existence of the Banbury Unit was included in the department's deliberations, and Collins Brothers made no objection or request for an additional hearing, pursuant to I.C. § 42–1701A(3), to meet the new information concerning the Banbury Unit.

II

THE CONCLUSIONS OF LAW AND CONDITIONS OF USE

In reviewing the department's proposed memorandum decision and order, we have not discovered the numerous inconsistencies alluded to by the district court in its memorandum decision. The department made five conclusions of law in the proposed memorandum decision. All five con-

4. "67–5210. Rules of evidence—Official notice.—In contested cases ...

....

"(4) notice may be taken of judicially cognizable facts. In addition, notice may be taken of generally recognized technical or scientific facts within the agency's specialized knowledge. Parties shall be notified either before or during the

hearing, or by reference in preliminary reports or otherwise, of the material noticed, including any staff memoranda or data, and they shall be afforded an opportunity to contest the material so noticed. The agency's experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence."

clusions are supported by appropriate statutory and case law. The conclusions of law set the foundation for the nine conditions imposed on the Collins Brothers permit.

██ The nine conditions which were attached to the approved Collins Brothers permit are as follows:

"(1) The permit holder shall either install a measuring device or provide a certified measurement by a professional engineer or install an access port or other device as specified by the Department.

"(2) The use of water solely for irrigation from this geothermal aquifer is not in the public interest and, therefore, only the water used for another purpose, that requires the heat from the water, can be disposed of by using it for irrigation.

"(3) The use of water for irrigation under this permit is supplemental to all existing water rights with the same purpose and place of use and the other rights must be developed and used to the fullest extent possible for irrigation before this permit is used for irrigation purposes.

"(4) The Director of the Department of Water Resources retains jurisdiction over this permit to assure that the water diverted is beneficially used and for the approval of the casing and sealing of the wells.

"(5) The amount of water diverted shall not exceed that necessary for domestic, commercial, and geothermal heating for 99 homes.

"(6) The rate of diversion of water for irrigation under this permit and all other water rights on the same land shall not exceed 0.02 cubic feet per second for each acre of land.

"(7) Water used under this permit if discharged into a natural channel shall meet Idaho Water Quality Standards.

"(8) Permit holder shall commence the excavation or construction of diverting works within one year of the date this permit is issued and shall proceed diligently until the project is complete.

"(9) Proof of construction of works and application of water to beneficial use shall be submitted on or before the date indicated on the Final Decision and Order."

Each of these conditions are within the authority granted the department by the legislature. When the legislature enacted I.C. § 42–203A(5)[5] it clearly vested, in the director of the Department of Water Resources, considerable authority and discretion to determine and protect the "local public interest" when issuing or rejecting water permits. I.C. § 42–203A(5) specifically gives the director authority to "grant a permit upon conditions." As this Court previously stated in *Shokal v. Dunn*, 109 Idaho 330, 339, 707 P.2d 441, 450 (1985), "The determination of what elements of the public interest are impacted, and what the public interest requires, is committed to [the department's] sound discretion."

██ In this case the department was required to resolve conflicting facts and local interests and apply its statutory authority in deciding this fact-specific case. The department did this and found that the applicants had not met their burden of proof and that it was "not in the public interest" to use the water from this geothermal aquifer to irrigate crops. As this Court stated

5. I.C. § 42–203A provides in part:

"(5) Such hearing shall be conducted in accordance with the provisions of section 42–1701A(1) and (2), Idaho Code. *The director of the department of water resources shall find and determine from the evidence presented to what use or uses the water sought to be appropriated can be and are intended to be applied.* In all applications whether protested or not protested, *where the proposed use is such* (a) that it will reduce the quantity of water under existing water rights, or (b) that the water supply itself is insufficient for the purpose for which it is sought to be appropriated, or (c) where it appears to the satisfaction of the department that such application is not made in good faith, is made for delay or speculative purposes, or (d) that the applicant has not sufficient financial resources with which to complete the work involved therein, or *(e) that it will conflict with the local public interest, where the local public interest is defined as the affairs of the people in the area directly affected by the proposed use; the director of the department of water resources may reject such application and refuse issuance of a permit therefor, or may partially approve and grant a permit for a smaller quantity of water than applied for, or may grant a permit upon conditions. . . . .*" (Emphasis added.)

in *Shokal v. Dunn, supra* at 339, 707 P.2d at 450 (1985):

" '[I]t is not [the] protestant's burden of proof to establish that the project is not in the local public interest. The burden of proof is upon the applicant to show that the project is either in the local public interest or that there are factors that overweigh the local public interest in favor of the project.'

"The determination of what elements of the public interest are impacted, and what the public interest requires, is committed to Water Resources' sound discretion." *See* 1 R. Clark, ed., *Waters and Water Rights* § 29.3, 170 (1967).

In this case the department's determination that it was not in the public interest to use the water from this geothermal aquifer to irrigate crops is not "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." I.C. § 67–5215(g)(5). Therefore the district court erred in reversing the director's decision.

The district court's order is reversed and the department's decision and order are reinstated. Costs to appellants.

SHEPARD, C.J., and BISTLINE, HUNTLEY and JOHNSON, JJ., concur.